**In re CURRENT.**

No. 1668-D.

District Court, E. D. Illinois.

June 18, 1932.

A. B. Dennis, of Danville, Ill., for bankrupt.

Jones & McIntire & Jones, of Danville, Ill. (Albert Lawrence Vollborn, Jr., of Danville, Ill., of counsel), for objecting creditor.

LINDLEY, District Judge.

Under the facts proved, Bell was agent for Current, the bankrupt, to secure a loan of $2,000, and thereafter, to secure a renewal of such loan, Current and Bell, his agent, prepared the renewal note, and with Bell's knowledge, and apparently at his request, Current, without authority, signed to the note as surety the name of his brother, M. A. Current. His brother was known to the lender, and upon his responsibility as a surety she relied in extending the renewal.

The question submitted is whether the facts recited bring the case within section 14b (3) of the Bankruptcy Act, 11 USCA § 32 (b) (3), wherein it is provided that a bankrupt may be discharged unless he has obtained money or property on credit, or "obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition."

The fair construction of the acts of the bankrupt hereinbefore set forth is that he intended to represent and did thereby falsely represent, that his note was signed by his brother; that his brother had in writing agreed to act as surety for him in this financial undertaking; and that he had, at the time of the delivery of the renewal note, the financial backing and suretyship of his brother. Such responsibility, if truly within his property rights, was an asset, so far as the lender was concerned, upon which she had a right to rely. The false representations in writing of the existence of such asset were therefore within the exception above quoted.

The language of the section relied upon is not to be confused with that of section 17 of the act (11 USCA § 35), which provides that no discharge shall bar recovery upon liabilities for obtaining property by false pretenses or representations.

The order of the referee is approved and confirmed; the objections to the petition for discharge are sustained; and the said petition and the discharge therein prayed are denied.